**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MCKESSON CORPORATION,

     Plaintiff,

v.                                                                    Case No.: 8:20-cv-1720-T-36CPT

BENZER PHARMACY HOLDING LLC,
RX CARE 14 LLC, FENTON PHARMACY
LLC, WELLCARE PHARMACY SERVICES,
INC., et al.,

     Defendants.

_____/

**PLAINTIFF'S UNOPPOSED MOTION TO FILE
<u>SUPPLY AGREEMENT UNDER SEAL</u>**

Pursuant to Local Rule 1.09, Plaintiff McKesson Corporation ("McKesson") moves to file under seal the Supply Agreement cited in McKesson's Complaint (Doc. 1), in Defendants' Counterclaim (Doc. 70), and in McKesson's Motion to Dismiss Counts I, II, III, V, VI, and VII of Defendants' Counterclaim (Doc. 72).  Defendants do not oppose this motion.

The Supply Agreement contains proprietary information including product pricing, net volume information, and a list of specific prescription drugs supplied by McKesson. Accordingly, this document contains highly competitive, confidential, and proprietary information concerning McKesson's supplier terms and procedures.  For these reasons, McKesson moves to file this document under seal to prevent public access to this confidential information.

## MEMORANDUM OF LAW

### I.       Legal Authority

Courts have long recognized a public right of access to many documents filed before it. *See In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 355 (11th Cir. 1987) (per curiam). The Supreme Court and the Eleventh Circuit recognize, however, that the public's right of access to records in civil proceedings is not absolute. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001) ("right to inspect and copy [judicial records] is not absolute") (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). Notably, "[t]he right of access does not apply to discovery." *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1245 (11th Cir. 2007); *see also Chicago Tribune,* 263 F.3d at 1312 ("[M]aterial filed with discovery motions is not subject to the common-law right of access."). "'[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.'" *Chicago Tribune,* 263 F.3d at 1310 n.6 (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984)).

Additionally, Rule 26, Federal Rules of Civil Procedure, provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ." Fed. R. Civ. P. 26(c)(1)(G).  Further, the Eleventh Circuit explains that "a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chicago Tribune,* 263 F.3d at 1311 (citations omitted).

123678387.1

Good cause to seal exists when the materials at issue contain highly confidential and proprietary information that the parties normally keep secret from the public. *See Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC,* No. 3:10-cv-978, 2011 WL 5357843, at *3 (M.D. Fla. Nov. 1, 2011); *see also Romero,* 480 F.3d at 1246 ("a party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."). The judicial process is not impaired by sealing trade secrets and confidential business information. *See Nixon,* 435 U.S. at 598.

**II.      Good Cause Exists for Filing the Supply Agreement Under Seal**

Here, because the Supply Agreement contains confidential and proprietary information, good cause exists to seal this document. A review of the Supply Agreement is necessary for the Court to analyze fully the briefing and pleadings relevant to McKesson's Motion to Dismiss Counts I, II, III, V, VI, and VII of Defendants' Counterclaim. *See* Local Rule 1.09(a)(ii)-(iii). Furthermore, a review of the Supply Agreement will be essential for the ultimate resolution of McKesson's breach of contract claim and Defendants' various defenses in this case. Accordingly, McKesson requests that the Court seal the document in its entirety. This request is the most narrowly tailored means available to protect the confidential information. *See* Local Rule 1.09(a)(iv). McKesson proposes that this document should remain sealed for one year, renewable by a motion in compliance with Local Rule 1.09(b).

**<u>CONCLUSION</u>**

For the reasons explained herein, McKesson respectfully requests that the Court grant this motion to file the Supply Agreement under seal.

*/s/ Kathleen S. McLeroy*
Kathleen S. McLeroy

3

123678387.1

Florida Bar No. 856819
Caycee D. Hampton
Florida Bar No. 0100922
CARLTON FIELDS, P.A.
Post Office Box 3239
Tampa, Florida 33601-3239
Telephone:813.223.7000
Facsimile:  813.229.4133
Email:   kmcleroy@carltonfields.com
            champton@carltonfields.com

*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), Plaintiff's counsel conferred with counsel for Defendants regarding the relief sought herein, and Defendants' counsel does not oppose this motion.

/s/ Kathleen S. McLeroy
            Attorney

4

123678387.1