UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCKESSON CORPORATION,

      Plaintiff,

v.                                                                          Case No: 8:20-cv-1720-T-36CPT

BENZER PHARMACY HOLDING LLC, *et al.*,

      Defendants.

_____/

## **O R D E R**

This cause comes before the Court on Plaintiff's Unopposed Motion to File Supply Agreement Under Seal (the "Motion"). (Doc. 73). For the reasons set forth below, the Motion is due to be denied, without prejudice.

## **DISCUSSION**

Plaintiff moves, without opposition, to file a supply agreement (the "Supply Agreement") under seal. *Id.* at 1. Plaintiff contends that the Supply Agreement contains proprietary information, such as "product pricing, net volume information, and a list of specific prescription drugs" supplied by Plaintiff. *Id.* On this basis, Plaintiff represents that the Supply Agreement contains "highly competitive, confidential, and proprietary information" regarding Plaintiff's supplier terms and procedures. *Id.*

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access" to judicial proceedings. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). However, this common law right of access, which serves as an essential component of the judicial system, may be overcome by a showing of "good cause," which requires "balancing the asserted right of access against the other party's interest in

keeping the information confidential." *Id.* at 1245–46 (internal quotation marks and alteration omitted). Among other factors, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246.

Further, unless a statute, rule, or order authorizes filing under seal, a party who seeks to file any paper or other matter under seal in a civil action in this Court shall file and serve a motion which includes the following:

> (i) an identification and description of each item proposed for sealing;
>
> (ii) the reason that filing each item is necessary;
>
> (iii) the reason that sealing each item is necessary;
>
> (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal;
>
> (v) a statement of the proposed duration of the seal; and
>
> (vi) a memorandum of legal authority supporting the seal.

Local R. M.D. Fla. 1.09(a).

Here, the Supply Agreement is addressed in Plaintiff's Motion to Dismiss Counts I, II, III, V, VI, and VII of Defendants' Counterclaim, or in the Alternative, Motion for More Definite Statement, (Doc. 72 at 1), Plaintiff's complaint, (Doc. 1 ¶¶75–83), and Defendants' counterclaim, (Doc. 70 ¶7). Plaintiff argues that the requisite "good cause" exists to file the Supply Agreement under seal because "the Supply Agreement contains confidential and proprietary information." (Doc. 73 at 3). However, this assertion omits any argument regarding the necessary balancing

between Plaintiff's interest in keeping the information confidential and the public's right of access. Also, Local Rule 1.09(a)(iii) requires Plaintiff to provide the reason that sealing the item is necessary, but Plaintiff merely claims that the Court must review the Supply Agreement to "analyze fully the briefing and pleadings" in this action. *Id.* at 3. But the purported need for the Court to review the Supply Agreement, notwithstanding the inclusion of any confidential information, does not sufficiently explain the necessity of any sealing. Relatedly, Local Rule 1.09(a)(iv) requires Plaintiff to provide the *reason* why a means other than sealing is unsatisfactory or unavailable to preserve its interest. However, Plaintiff fails to provide such a reason, claiming only that sealing is the "most narrowly tailored means available to protect the confidential information." *Id.*

The Court is cognizant that the Motion is unopposed, but the Court, as the "primary representative of the public interest in the judicial process, is bound by duty to review any request to seal the record (or part of it) and may not rubber stamp" requests to seal. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10-cv-978-J-37JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (internal quotation marks and alterations omitted). Plaintiff may file an amended motion to seal which cures the deficiencies noted herein.

Accordingly, it is hereby **ORDERED** that Plaintiff's Unopposed Motion to File Supply Agreement Under Seal (Doc. 73) is **DENIED**, **without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on October 7, 2020.

Charlene Edwards Honeywell
United States District Judge

**Copies to:**
Counsel of Record and Unrepresented Parties, if any

3