IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCKESSON CORPORATION,

       Plaintiff,                      Case No. 8:20-cv-1720-T-36CPT

vs.

BENZER PHARMACY HOLDING LLC,
RX CARE 14 LLC, FENTON PHARMACY
LLC, WELLCARE PHARMACY SERVICES,
INC., et al.

       Defendants.
_____/

## AMENDED COUNTER-CLAIM

Defendants/Counter-Plaintiffs BENZER PHARMACY HOLDING LLC, RX CARE 14 LLC, FENTON PHARMACY LLC, WELLCARE PHARMACY SERVICES, INC. a/k/a Well Care Pharma Services, Inc., BENZER FL 11 LLC, BENZER FL 9 LLC, BENZER FL 12 LLC, BENZER LA 1 LLC, BENZER FL 13 LLC, BATTLECREEK PHARMACY INC., PRONTO-MED INC, BENZER FL 14 LLC, RX CARE OF LADY LAKE, INC., BENZER FL 39, INC. f/k/a BROOKSVILLE DRUGS INC., RX CARE PHARMACY INC., RX ONE PHARMACY, LLC f/k/a RX PLUS PHARMACY LLC, RX CARE 8 LLC, RX CARE 7 LLC, BLUE PHARMACY LLC f/k/a HORROCKS PHARMACY LLC, BENZER PHARMACY FL 2 LLC, RX CARE 12 LLC, BLUE WATER PHARMACY LLC, BENZER FL 7 LLC, BENZER FL 4 LLC, BENZER FL 10 LLC, BENZER FL 15 LLC, BENZER FL 8 LLC, BYRON DRUGS LLC, BIO SCRIPT PHARMACY LLC, EDWARDS PHARMACY OF INDIAN ROCKS LLC, BENZER FL 17 LLC, BENZER TX 3 LLC, BENZER IA 1 LLC, BENZER AR 1 LLC, BENZER CA 1 LLC, BENZER FL 40, INC. f/k/a LEMON BAY DRUGS NORTH, INC.,

BENZER TN 1 LLC, RX CARE 13 LLC, RX CARE OF NC LLC, RX CARE OF LA, INC., RX CARE FOUR LLC, BETTER CARE PHARMACY, LLC, RX CARE 11 LLC a/k/a Rx Care Pharmacy 11, BENZER IN 1 LLC, SUPREME PHARMACY & MEDICAL SUPPLIES, LLC, BENZER MS 1 LLC, BENZER OH 1 LLC, BENZER OH 2 LLC, BENZER OH 3 LLC, BENZER OH 4 LLC, BENZER OH 5 LLC, BENZER OH 6 LLC, BENZER OH 7 LLC, BENZER OH 8 LLC, BENZER KY 1 LLC, BENZER SC 1 LLC, BENZER OH 12 LLC, BENZER OH 10 LLC, BENZER OH 9 LLC, BENZER MO 2 LLC, (the "Benzer Parties"), through their undersigned counsel, and sue the Plaintiff/Counter-Defendant, McKesson Corporation ("McKesson"), and allege as follows:

## INTRODUCTION

1. This counterclaim is brought to redress significant financial harm caused by McKesson to the Benzer Parties.

## PARTIES

2. The Benzer Parties operate pharmacies throughout the United States.

3. McKesson is, among other things, a supplier of pharmaceutical goods to pharmacies. On information and belief, McKesson is a Delaware corporation with its principal place of business in Texas.

4. The member of each of the Benzer Parties that are limited liability companies is Benzer Pharmacy Holding, LLC, the members of which are Manish Patel, a natural person domiciled in Michigan, and Alpesh Patel, a natural person domiciled in Florida. As to the Benzer Parties that are corporations:

    a. WELLCARE PHARMACY SERVICES, INC. a/k/a Well Care Pharma Services, Inc. is a Florida corporation with its principal place of business located in Florida;

2

b. BATTLECREEK PHARMACY INC. is a Michigan corporation with its principal place of business located in Michigan;

c. PRONTO-MED INC, is a Florida corporation with its principal place of business located in Florida;

d. RX CARE OF LADY LAKE, INC., is a Florida corporation with its principal place of business located in Florida;

e. BENZER FL 39, INC. f/k/a BROOKSVILLE DRUGS INC., is a Florida corporation with its principal place of business located in Florida;

f. RX CARE PHARMACY INC., is a North Carolina corporation with its principal place of business located in Florida;

g. BENZER FL 40, INC. f/k/a LEMON BAY DRUGS NORTH, INC., is a Florida corporation with its principal place of business located in Florida; and

h. RX CARE OF LA, INC., is a Louisiana corporation with its principal place of business located in Louisiana.

## Jurisdiction and Venue

5. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

6. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1),(2) and (3).

## FACTUAL STATEMENT

### The Supply Agreement

7. In June 2017, certain of the Benzer Parties and McKesson entered into that certain Supply Agreement (as amended, the "Supply Agreement"). The remaining Benzer Parties joined the Supply Agreement by executing joinders thereto. McKesson contends that the Supply

3

Agreement and related amendments and joinders are confidential documents and, therefore, copies of these documents are not attached hereto.

8. Although the Supply Agreement was executed in 2017, McKesson and the Benzer Parties had a long history of working together, with McKesson supplying products to the Benzer Parties since 2010.

9. Subsequent to the execution of the Supply Agreement, the Benzer Parties utilized McKesson as their primary supplier of pharmaceuticals. As the Benzer Parties own and operate pharmacies, the supply of pharmaceuticals is critical to their operation and ability to attract and retain customers.

10. As set forth in the Supply Agreement, the Base Payment Terms were that invoices from McKesson to the Benzer Parties would be from Saturday through Friday and would be "payable Friday of the 3rd following week." *See,* the Supply Agreement, p. 1.

11. As the Benzer Parties were purchasing significant amounts of product from McKesson, the Base Payment Terms had a significant impact on the Benzer Parties and their cash flow.

12. The Supply Agreement carried significant penalties for any late payments. Section 9 of the Supply Agreement provides that "[a]ny payments made after their due date will incur a two percent (2%) (or the maximum allowed by law, if lower) increase in the price of the Merchandise." Furthermore, "[a] 1% service charge (or the maximum allowed by law, if lower) will be imposed semi-monthly on all balances delinquent more than fifteen (15) days."

13. The Supply Agreement also provides that, "McKesson reserves the right, in its discretion, (a) to adjust pricing to the term that most closely matches Customer's demonstrated payment history, (b) to change payment terms (including requiring same day payment or cash on

delivery via EFT or ACH) or (c) limit total credit, if (i) McKesson concludes that there has been a material adverse change in Customer's financial condition or an unsatisfactory payment performance; or (ii) Customer ceases to meet McKesson's credit requirements or McKesson determines that Customer is likely to cease meeting such requirements." *See,* the Supply Agreement, Section 9.

## McKesson Breaches the Supply Agreement and Interferes with the Benzer Parties' Business

14.    The Supply Agreement was set to expire in November 2019.  Beginning in early 2019, McKesson began taking steps to limit the Benzer Parties from pursuing alternative suppliers and to interfer with the Benzer Parties and their business.

15.    McKesson attempted to prevent the Benzer Parties from using a competing supplier, and McKesson sent a letter to that supplier for the sole purpose of persuading the supplier that it was at risk of a claim from McKesson if it did business with the Benzer Parties.

16.    McKesson also began arbitrarily changing the terms of the Supply Agreement and its established course of conduct with the Benzer Parties.  In February 2019, McKesson changed its policy so that, if one of the Benzer Parties failed to make any payment on time, it put the accounts of all of the Benzer Parties on hold.

17.    After the Benzer Parties informed McKesson that they would not be renewing the Supply Agreement in the spring of 2019, McKesson, began increasing its interference with the Benzer Parties and their business.  In July 2019, McKesson demanded that payments under the Supply Agreement be made on the Tuesday of the third week following the date of the invoice, as opposed to the Friday date to which the parties agreed.  McKesson gave the Benzer Parties only one week prior notice of this change.

18.     In August 2019, McKesson limited the total amount of outstanding purchases by the Benzer Parties to $12,000,000.  Purchases had previously been unlimited.

19.     McKesson's change in the payment terms and credit limit had a significant impact on the Benzer Parties' cash flow and operations.  By limiting the amount of product that the Benzer Parties could order, the Benzer Parties were not able to meet all of their customers' needs, thereby resulting in a significant loss in revenue.  McKesson also began charging late fees to the Benzer Parties based on the newly-imposed payment deadlines.  In other words, if the Benzer Parties paid in accordance with the terms of the Supply Agreement, McKesson would still impose a late charge.

20.     As a result of McKesson's unilateral change in the payment terms of the Supply Agreement, the Benzer Parties began incurring late fees and McKesson began applying the Benzer Parties' payments to such late fees, rather than to payment of amounts incurred for pharmaceutical supplies.

21.     McKesson contends that certain conditions occurred such that it was permissible for it to change the payment dates and terms pursuant to Section 9 of the Supply Agreement.  No such conditions have occurred, and despite McKesson's claims, it had no right to change the payment dates and terms, whether contractual or otherwise.  There had been no material adverse change  in the Benzer Parties' financial condition or an unsatisfactory payment performance by the Benzer Parties, nor had the Benzer Parties ceased to meet McKesson's credit requirements or become likely to cease meeting the Benzer Parties' credit requirements.

22.     At the same time as it was unilaterally changing the terms of the Supply Agreement to create issues for the Benzer Parties, McKesson began demanding repayment of loans, despite such loans not being due, and having only recently been made.  The Benzer Parties

6

sought to obtain a line of credit in order to address their outstanding loans with McKesson. The Benzer Parties, in fact, were able to secure a line of credit in the amount of $7.5 million, however, McKesson then refused to subordinate its position in the Benzer Parties' accounts receivable, resulting in the lender being unwilling to close the financing transaction.

23.     In and around June 2019, the Benzer Parties were in discussions with a potential purchaser, even signing a letter of intent. McKesson, however, disparaged the Benzer Parties to this potential acquirer, thereby causing the acquirer to lose interest in the transaction and cease negotiations with the Benzer Parties. McKesson, in fact, informed the Benzer Parties that it wanted input into any funding source used by the Benzer Parties and demanded to see the terms of any potential acquisition or loan.

24.     The Benzer Parties have incurred significant damages as a result of McKesson's conduct.

<u>**COUNT I – BREACH OF CONTRACT**</u>

25.     The Benzer Parties incorporates, adopts and re-alleges as though fully set forth herein, each and every allegation in Paragraphs 1 through 24, above.

26.     The Supply Agreement is a valid contract between McKesson and the Benzer Parties.

27.     McKesson materially breached Section 9 of the Supply Agreement by, as set forth herein, changing the payment dates and terms to which the parties had agreed. McKesson had no contractual justification to make changes to the Benzer Parties payment terms and credit limits and its decision to do so breached the Supply Agreement.

28.     The Benzer Parties have been damaged as a result of McKesson's breach of the Supply Agreement.

WHEREFORE, BENZER PHARMACY HOLDING LLC, RX CARE 14 LLC, FENTON PHARMACY LLC, WELLCARE PHARMACY SERVICES, INC. a/k/a Well Care Pharma Services, Inc., BENZER FL 11 LLC, BENZER FL 9 LLC, BENZER FL 12 LLC, BENZER LA 1 LLC, BENZER FL 13 LLC, BATTLECREEK PHARMACY INC., PRONTO-MED INC, BENZER FL 14 LLC, RX CARE OF LADY LAKE, INC., BENZER FL 39, INC. f/k/a BROOKSVILLE DRUGS INC., RX CARE PHARMACY INC., RX ONE PHARMACY, LLC f/k/a RX PLUS PHARMACY LLC, RX CARE 8 LLC, RX CARE 7 LLC, BLUE PHARMACY LLC f/k/a HORROCKS PHARMACY LLC, BENZER PHARMACY FL 2 LLC, RX CARE 12 LLC, BLUE WATER PHARMACY LLC, BENZER FL 7 LLC, BENZER FL 4 LLC, BENZER FL 10 LLC, BENZER FL 15 LLC, BENZER FL 8 LLC, BYRON DRUGS LLC, BIO SCRIPT PHARMACY LLC, EDWARDS PHARMACY OF INDIAN ROCKS LLC, BENZER FL 17 LLC, BENZER TX 3 LLC, BENZER IA 1 LLC, BENZER AR 1 LLC, BENZER CA 1 LLC, BENZER FL 40, INC. f/k/a LEMON BAY DRUGS NORTH, INC., BENZER TN 1 LLC, RX CARE 13 LLC, RX CARE OF NC LLC, RX CARE OF LA, INC., RX CARE FOUR LLC, BETTER CARE PHARMACY, LLC, RX CARE 11 LLC a/k/a Rx Care Pharmacy 11, BENZER IN 1 LLC, SUPREME PHARMACY & MEDICAL SUPPLIES, LLC, BENZER MS 1 LLC, BENZER OH 1 LLC, BENZER OH 2 LLC, BENZER OH 3 LLC, BENZER OH 4 LLC, BENZER OH 5 LLC, BENZER OH 6 LLC, BENZER OH 7 LLC, BENZER OH 8 LLC, BENZER KY 1 LLC, BENZER SC 1 LLC, BENZER OH 12 LLC, BENZER OH 10 LLC, BENZER OH 9 LLC, BENZER MO 2 LLC, demand judgment against McKesson Corporation in an amount to be proven at trial, an award of its attorneys' fees, and such other and further relief as the Court deems just and proper.

8

## COUNT II – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

29.     The Benzer Parties incorporates, adopts and re-alleges as though fully set forth herein, each and every allegation in Paragraphs 1 through 24, above.

30.     This is a count for violation of the Florida Deceptive and Unfair Trade Practices Act, §§ 501.20, et seq., Florida Statutes ("FDUTPA") against McKesson.

31.     The conduct of McKesson,  in unilaterally changing the payment terms and credit limits to which the parties had been operating and agreed, constitutes unfair and deceptive acts and practices which are prohibited and actionable under FDUPTA.

32.     The conduct of McKesson is of the type that is likely to mislead consumers, acting reasonably under the circumstances.

33.     McKesson willfully engaged in deceptive and unfair trade practices in that it know or should have known that the methods, acts and practices described herein were deceptive, unfair, unconscionable or prohibited by law.

34.     Benzer Parties have suffered actual damages as the result of the acts of McKesson in an amount thus far not determined.

35.     In addition to the Benzer Parties actual damages, they are entitled to recover their reasonable attorneys' fees and court costs, pursuant to § 501.2105, Florida Statutes.

WHEREFORE, BENZER PHARMACY HOLDING LLC, RX CARE 14 LLC, FENTON PHARMACY LLC, WELLCARE PHARMACY SERVICES, INC. a/k/a Well Care Pharma Services, Inc., BENZER FL 11 LLC, BENZER FL 9 LLC, BENZER FL 12 LLC, BENZER LA 1 LLC, BENZER FL 13 LLC, BATTLECREEK PHARMACY INC., PRONTO-MED INC, BENZER FL 14 LLC, RX CARE OF LADY LAKE, INC., BENZER FL 39, INC. f/k/a BROOKSVILLE DRUGS INC., RX CARE PHARMACY INC., RX ONE PHARMACY, LLC

9

f/k/a RX PLUS PHARMACY LLC, RX CARE 8 LLC, RX CARE 7 LLC, BLUE PHARMACY LLC f/k/a HORROCKS PHARMACY LLC, BENZER PHARMACY FL 2 LLC, RX CARE 12 LLC, BLUE WATER PHARMACY LLC, BENZER FL 7 LLC, BENZER FL 4 LLC, BENZER FL 10 LLC, BENZER FL 15 LLC, BENZER FL 8 LLC, BYRON DRUGS LLC, BIO SCRIPT PHARMACY LLC, EDWARDS PHARMACY OF INDIAN ROCKS LLC, BENZER FL 17 LLC, BENZER TX 3 LLC, BENZER IA 1 LLC, BENZER AR 1 LLC, BENZER CA 1 LLC, BENZER FL 40, INC. f/k/a LEMON BAY DRUGS NORTH, INC., BENZER TN 1 LLC, RX CARE 13 LLC, RX CARE OF NC LLC, RX CARE OF LA, INC., RX CARE FOUR LLC, BETTER CARE PHARMACY, LLC, RX CARE 11 LLC a/k/a Rx Care Pharmacy 11, BENZER IN 1 LLC, SUPREME PHARMACY & MEDICAL SUPPLIES, LLC, BENZER MS 1 LLC, BENZER OH 1 LLC, BENZER OH 2 LLC, BENZER OH 3 LLC, BENZER OH 4 LLC, BENZER OH 5 LLC, BENZER OH 6 LLC, BENZER OH 7 LLC, BENZER OH 8 LLC, BENZER KY 1 LLC, BENZER SC 1 LLC, BENZER OH 12 LLC, BENZER OH 10 LLC, BENZER OH 9 LLC, BENZER MO 2 LLC, demand judgment against McKesson Corporation in an amount to be proven at trial, an award of its attorneys' fees, and such other and further relief as the Court deems just and proper.

### COUNT III – BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

36.    The Benzer Parties incorporates, adopts and re-alleges as though fully set forth herein, each and every allegation in Paragraphs 1 through 24, above.

37.    The Supply Agreement is a valid contract between McKesson and the Benzer Parties.

38.    The Benzer Parties have performed all of their obligations under the Supply Agreement and all conditions required for McKesson's performance have occurred.

10

39.     In unilaterally changing the payment terms and credit limits to which the parties had previously been operating, McKesson unfairly interfered with the Benzer Parties' receipt of the Supply Agreement's benefits.  McKesson's conduct did not comport with the Benzer Parties' reasonable contractual expectations under Section 9 of the Supply Agreement.  McKesson had no contractual justification to make changes to the Benzer Parties' payment terms and credit limits and its decision to do so breached the terms of the Supply Agreement.

40.     McKesson's conduct breached the implied duty of good faith and fair dealing and the Benzer Parties were damaged as a result of that breach.

WHEREFORE, BENZER PHARMACY HOLDING LLC, RX CARE 14 LLC, FENTON PHARMACY LLC, WELLCARE PHARMACY SERVICES, INC. a/k/a Well Care Pharma Services, Inc., BENZER FL 11 LLC, BENZER FL 9 LLC, BENZER FL 12 LLC, BENZER LA 1 LLC, BENZER FL 13 LLC, BATTLECREEK PHARMACY INC., PRONTO-MED INC, BENZER FL 14 LLC, RX CARE OF LADY LAKE, INC., BENZER FL 39, INC. f/k/a BROOKSVILLE DRUGS INC., RX CARE PHARMACY INC., RX ONE PHARMACY, LLC f/k/a RX PLUS PHARMACY LLC, RX CARE 8 LLC, RX CARE 7 LLC, BLUE PHARMACY LLC f/k/a HORROCKS PHARMACY LLC, BENZER PHARMACY FL 2 LLC, RX CARE 12 LLC, BLUE WATER PHARMACY LLC, BENZER FL 7 LLC, BENZER FL 4 LLC, BENZER FL 10 LLC, BENZER FL 15 LLC, BENZER FL 8 LLC, BYRON DRUGS LLC, BIO SCRIPT PHARMACY LLC, EDWARDS PHARMACY OF INDIAN ROCKS LLC, BENZER FL 17 LLC, BENZER TX 3 LLC, BENZER IA 1 LLC, BENZER AR 1 LLC, BENZER CA 1 LLC, BENZER FL 40, INC. f/k/a LEMON BAY DRUGS NORTH, INC., BENZER TN 1 LLC, RX CARE 13 LLC, RX CARE OF NC LLC, RX CARE OF LA, INC., RX CARE FOUR LLC, BETTER CARE PHARMACY, LLC, RX CARE 11 LLC a/k/a Rx Care Pharmacy 11, BENZER

11

IN 1 LLC, SUPREME PHARMACY & MEDICAL SUPPLIES, LLC, BENZER MS 1 LLC, BENZER OH 1 LLC, BENZER OH 2 LLC, BENZER OH 3 LLC, BENZER OH 4 LLC, BENZER OH 5 LLC, BENZER OH 6 LLC, BENZER OH 7 LLC, BENZER OH 8 LLC, BENZER KY 1 LLC, BENZER SC 1 LLC, BENZER OH 12 LLC, BENZER OH 10 LLC, BENZER OH 9 LLC, BENZER MO 2 LLC, demand judgment against McKesson Corporation in an amount to be proven at trial, and such other and further relief as the Court deems just and proper.

## COUNT IV - ACCOUNTING

41.     The Benzer Parties incorporates, adopts and re-alleges as though fully set forth herein, each and every allegation in Paragraphs 1 through 24, above.

42.     McKesson and the Benzer Parties were engaged in complex transactions, involving numerous entities, voluminous amounts of orders and significant sums of money. McKesson now claims that significant amounts of money are owed to it, which the Benzer Parties dispute.

43.     Any remedy at law would be inadequate.

WHEREFORE, BENZER PHARMACY HOLDING LLC, RX CARE 14 LLC, FENTON PHARMACY LLC, WELLCARE PHARMACY SERVICES, INC. a/k/a Well Care Pharma Services, Inc., BENZER FL 11 LLC, BENZER FL 9 LLC, BENZER FL 12 LLC, BENZER LA 1 LLC, BENZER FL 13 LLC, BATTLECREEK PHARMACY INC., PRONTO-MED INC, BENZER FL 14 LLC, RX CARE OF LADY LAKE, INC., BENZER FL 39, INC. f/k/a BROOKSVILLE DRUGS INC., RX CARE PHARMACY INC., RX ONE PHARMACY, LLC f/k/a RX PLUS PHARMACY LLC, RX CARE 8 LLC, RX CARE 7 LLC, BLUE PHARMACY LLC f/k/a HORROCKS PHARMACY LLC, BENZER PHARMACY FL 2 LLC, RX CARE 12

12

LLC, BLUE WATER PHARMACY LLC, BENZER FL 7 LLC, BENZER FL 4 LLC, BENZER FL 10 LLC, BENZER FL 15 LLC, BENZER FL 8 LLC, BYRON DRUGS LLC, BIO SCRIPT PHARMACY LLC, EDWARDS PHARMACY OF INDIAN ROCKS LLC, BENZER FL 17 LLC, BENZER TX 3 LLC, BENZER IA 1 LLC, BENZER AR 1 LLC, BENZER CA 1 LLC, BENZER FL 40, INC. f/k/a LEMON BAY DRUGS NORTH, INC., BENZER TN 1 LLC, RX CARE 13 LLC, RX CARE OF NC LLC, RX CARE OF LA, INC., RX CARE FOUR LLC, BETTER CARE PHARMACY, LLC, RX CARE 11 LLC a/k/a Rx Care Pharmacy 11, BENZER IN 1 LLC, SUPREME PHARMACY & MEDICAL SUPPLIES, LLC, BENZER MS 1 LLC, BENZER OH 1 LLC, BENZER OH 2 LLC, BENZER OH 3 LLC, BENZER OH 4 LLC, BENZER OH 5 LLC, BENZER OH 6 LLC, BENZER OH 7 LLC, BENZER OH 8 LLC, BENZER KY 1 LLC, BENZER SC 1 LLC, BENZER OH 12 LLC, BENZER OH 10 LLC, BENZER OH 9 LLC, BENZER MO 2 LLC, demand that McKesson Corporation be ordered to provide an accounting of all of its transactions with Defendants, and for such other and further relief as the Court deems just and proper.

## COUNT V – DECLARATORY JUDGMENT PURSUANT TO FLORIDA DECLARATORY JUDGMENT ACT, FLA. STAT. § 86.011, et seq.

44.     The Benzer Parties incorporates, adopts and re-alleges as though fully set forth herein, each and every allegation in Paragraphs 1 through 24, above.

45.     As set forth herein, McKesson believes that it can unilaterally change the terms of the Supply Agreement.  The Benzer Parties dispute that and dispute that there was any basis, contractual or otherwise, such that McKesson could change the payment terms under the Supply Agreement and properly charge the Benzer Parties the significant amount of late fees it did.

13

46.     There is a bona fide, actual, present practical need for a declaration regarding the parties' rights under the Supply Agreement.  There is a present controversy as to the parties' rights and obligations under the Supply Agreement.

47.     The Benzer Parties' rights are dependent upon the facts and the law applicable to the facts of the parties contractual relationship.  McKesson has an antagonistic interest to the Benzer Parties, both in fact and law.

WHEREFORE, BENZER PHARMACY HOLDING LLC, RX CARE 14 LLC, FENTON PHARMACY LLC, WELLCARE PHARMACY SERVICES, INC. a/k/a Well Care Pharma Services, Inc., BENZER FL 11 LLC, BENZER FL 9 LLC, BENZER FL 12 LLC, BENZER LA 1 LLC, BENZER FL 13 LLC, BATTLECREEK PHARMACY INC., PRONTO-MED INC, BENZER FL 14 LLC, RX CARE OF LADY LAKE, INC., BENZER FL 39, INC. f/k/a BROOKSVILLE DRUGS INC., RX CARE PHARMACY INC., RX ONE PHARMACY, LLC f/k/a RX PLUS PHARMACY LLC, RX CARE 8 LLC, RX CARE 7 LLC, BLUE PHARMACY LLC f/k/a HORROCKS PHARMACY LLC, BENZER PHARMACY FL 2 LLC, RX CARE 12 LLC, BLUE WATER PHARMACY LLC, BENZER FL 7 LLC, BENZER FL 4 LLC, BENZER FL 10 LLC, BENZER FL 15 LLC, BENZER FL 8 LLC, BYRON DRUGS LLC, BIO SCRIPT PHARMACY LLC, EDWARDS PHARMACY OF INDIAN ROCKS LLC, BENZER FL 17 LLC, BENZER TX 3 LLC, BENZER IA 1 LLC, BENZER AR 1 LLC, BENZER CA 1 LLC, BENZER FL 40, INC. f/k/a LEMON BAY DRUGS NORTH, INC., BENZER TN 1 LLC, RX CARE 13 LLC, RX CARE OF NC LLC, RX CARE OF LA, INC., RX CARE FOUR LLC, BETTER CARE PHARMACY, LLC, RX CARE 11 LLC a/k/a Rx Care Pharmacy 11, BENZER IN 1 LLC, SUPREME PHARMACY & MEDICAL SUPPLIES, LLC, BENZER MS 1 LLC, BENZER OH 1 LLC, BENZER OH 2 LLC, BENZER OH 3 LLC, BENZER OH 4 LLC,

BENZER OH 5 LLC, BENZER OH 6 LLC, BENZER OH 7 LLC, BENZER OH 8 LLC, BENZER KY 1 LLC, BENZER SC 1 LLC, BENZER OH 12 LLC, BENZER OH 10 LLC, BENZER OH 9 LLC, BENZER MO 2 LLC, requests a declaratory judgment pursuant to Florida Declaratory Judgment Act, Fla. Stat. § 86.011, et seq. that it did not default under the Supply Agreement and that McKesson had no right to change the payment terms thereunder or charge late fees, and for such other and further relief as the Court deems just and proper.

## COUNT VI – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

48.    The Benzer Parties incorporates, adopts and re-alleges as though fully set forth herein, each and every allegation in Paragraphs 1 through 24, above.

49.    The Benzer Parties had business relationships with its customers that afforded it rights.    McKesson had knowledge of these relationships.    McKesson intentionally and unjustifiably interference with the Benzer Parties' relationships by limiting the purchases that could be made by the Benzer Parties and, by extension, the Benzer Parties' ability to service their existing customers who had come to rely on the Benzer Parties for pharmaceutical products. McKesson's actions were unjustified and were taken not to protect McKesson's own rights, but to damage the Benzer Parties' business and relationships in light of the Benzer Parties' attempt to move on from their contractual relationship with McKesson.  .

50.    The Benzer Parties were damaged by McKesson's conduct.

WHEREFORE, BENZER PHARMACY HOLDING LLC, RX CARE 14 LLC, FENTON PHARMACY LLC, WELLCARE PHARMACY SERVICES, INC. a/k/a Well Care Pharma Services, Inc., BENZER FL 11 LLC, BENZER FL 9 LLC, BENZER FL 12 LLC, BENZER LA 1 LLC, BENZER FL 13 LLC, BATTLECREEK PHARMACY INC., PRONTO-MED INC, BENZER FL 14 LLC, RX CARE OF LADY LAKE, INC., BENZER FL 39, INC. f/k/a

15

BROOKSVILLE DRUGS INC., RX CARE PHARMACY INC., RX ONE PHARMACY, LLC f/k/a RX PLUS PHARMACY LLC, RX CARE 8 LLC, RX CARE 7 LLC, BLUE PHARMACY LLC f/k/a HORROCKS PHARMACY LLC, BENZER PHARMACY FL 2 LLC, RX CARE 12 LLC, BLUE WATER PHARMACY LLC, BENZER FL 7 LLC, BENZER FL 4 LLC, BENZER FL 10 LLC, BENZER FL 15 LLC, BENZER FL 8 LLC, BYRON DRUGS LLC, BIO SCRIPT PHARMACY LLC, EDWARDS PHARMACY OF INDIAN ROCKS LLC, BENZER FL 17 LLC, BENZER TX 3 LLC, BENZER IA 1 LLC, BENZER AR 1 LLC, BENZER CA 1 LLC, BENZER FL 40, INC. f/k/a LEMON BAY DRUGS NORTH, INC., BENZER TN 1 LLC, RX CARE 13 LLC, RX CARE OF NC LLC, RX CARE OF LA, INC., RX CARE FOUR LLC, BETTER CARE PHARMACY, LLC, RX CARE 11 LLC a/k/a Rx Care Pharmacy 11, BENZER IN 1 LLC, SUPREME PHARMACY & MEDICAL SUPPLIES, LLC, BENZER MS 1 LLC, BENZER OH 1 LLC, BENZER OH 2 LLC, BENZER OH 3 LLC, BENZER OH 4 LLC, BENZER OH 5 LLC, BENZER OH 6 LLC, BENZER OH 7 LLC, BENZER OH 8 LLC, BENZER KY 1 LLC, BENZER SC 1 LLC, BENZER OH 12 LLC, BENZER OH 10 LLC, BENZER OH 9 LLC, BENZER MO 2 LLC, demand judgment against McKesson Corporation in an amount to be proven at trial, and such other and further relief as the Court deems just and proper.

## COUNT VII – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

51.  The Benzer Parties incorporates, adopts and re-alleges as though fully set forth herein, each and every allegation in Paragraphs 1 through 24, above.

52.  As set forth herein, the Benzer Parties had business relationships with potential customers, lenders, suppliers and purchasers.  McKesson had knowledge of these business relationships and intentionally and unjustifiably interfered with these relationships by the

following: (i) with respect to the Benzer Parties' potential customers by limiting the credit extended to the Benzer Parties such that they could not continue to service the same number of new customers as before; (ii) with respect to a potential lender for the Benzer Parties by refusing to subordinate its position in the Benzer Parties' accounts receivable; (iii) with respect to a potential purchaser of the Benzer Parties by disparaging the Benzer Parties and (iv) with respect to the Benzer Parties' potential new supplier by persuading the supplier not to do business with McKesson  McKesson's actions were unjustified and were taken not to protect McKesson's own rights, but to damage the Benzer Parties' business and relationships in light of the Benzer Parties' attempt to move on from their contractual relationship with McKesson

53.     As a result of McKesson's conduct, the Benzer Parties have been damaged.

WHEREFORE, BENZER PHARMACY HOLDING LLC, RX CARE 14 LLC, FENTON PHARMACY LLC, WELLCARE PHARMACY SERVICES, INC. a/k/a Well Care Pharma Services, Inc., BENZER FL 11 LLC, BENZER FL 9 LLC, BENZER FL 12 LLC, BENZER LA 1 LLC, BENZER FL 13 LLC, BATTLECREEK PHARMACY INC., PRONTO-MED INC, BENZER FL 14 LLC, RX CARE OF LADY LAKE, INC., BENZER FL 39, INC. f/k/a BROOKSVILLE DRUGS INC., RX CARE PHARMACY INC., RX ONE PHARMACY, LLC f/k/a RX PLUS PHARMACY LLC, RX CARE 8 LLC, RX CARE 7 LLC, BLUE PHARMACY LLC f/k/a HORROCKS PHARMACY LLC, BENZER PHARMACY FL 2 LLC, RX CARE 12 LLC, BLUE WATER PHARMACY LLC, BENZER FL 7 LLC, BENZER FL 4 LLC, BENZER FL 10 LLC, BENZER FL 15 LLC, BENZER FL 8 LLC, BYRON DRUGS LLC, BIO SCRIPT PHARMACY LLC, EDWARDS PHARMACY OF INDIAN ROCKS LLC, BENZER FL 17 LLC, BENZER TX 3 LLC, BENZER IA 1 LLC, BENZER AR 1 LLC, BENZER CA 1 LLC, BENZER FL 40, INC. f/k/a LEMON BAY DRUGS NORTH, INC., BENZER TN 1 LLC, RX

CARE 13 LLC, RX CARE OF NC LLC, RX CARE OF LA, INC., RX CARE FOUR LLC, BETTER CARE PHARMACY, LLC, RX CARE 11 LLC a/k/a Rx Care Pharmacy 11, BENZER IN 1 LLC, SUPREME PHARMACY & MEDICAL SUPPLIES, LLC, BENZER MS 1 LLC, BENZER OH 1 LLC, BENZER OH 2 LLC, BENZER OH 3 LLC, BENZER OH 4 LLC, BENZER OH 5 LLC, BENZER OH 6 LLC, BENZER OH 7 LLC, BENZER OH 8 LLC, BENZER KY 1 LLC, BENZER SC 1 LLC, BENZER OH 12 LLC, BENZER OH 10 LLC, BENZER OH 9 LLC, BENZER MO 2 LLC, demand judgment against McKesson Corporation in an amount to be proven at trial, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants demand a jury for all issues so triable.

Respectfully submitted this 14th day of October, 2020.

*/s/ Jeffrey W. Gibson*
**Jeffrey W. Gibson, Esq.**
Florida Bar Number: 568074
**Thomas R. Farrior, Esq.**
Florida Bar Number: 111965
Primary email:        jg@macfar.com
trf@macfar.com
Secondary email:        ala@macfar.com
gmt@macfar.com


**MACFARLANE FERGUSON & MCMULLEN**
201 N. Franklin Street, Suite 2000
Tampa, Florida 33602
Telephone:     813-273-4200
Fax:               813-273-4396
Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronically with the Clerk of Court by using the *CM/ECF* system and by email to Kathleen S. McLeroy, Esq., Caycee D. Hampton, Esq., kmcleroy@carltonfields.com, champton@carltonfields.com, nkapadia@carltonfields.com, Carlton Fields, P.A., P.O. Box 3239, Tampa, FL 33601, Attorney for Plaintiff this 14th day of October, 2020.

*/s/ Jeffrey W. Gibson*
**Jeffrey W. Gibson, Esq.**
Florida Bar Number: 568074

19